**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017[*]
Decided February 22, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | | |
|---|---|---|
| No. 16-3714 | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Appeal from the United States District |
| *Plaintiff-Appellee,* | ) | Court for the Central District of Illinois. |
| | ) | |
| *v.* | ) | No. 3:12-cr-30003-RM-BGC-1 |
| | ) | |
| PATRICK B. WALLACE, | ) | Richard Mills, *Judge*. |
| *Defendant-Appellant.* | ) | |

**O R D E R**

Patrick B. Wallace appeals for a third time the denial of his motion seeking, pursuant

---

[*]Pursuant to Seventh Circuit Internal Operating Procedure 6(b), this appeal has been submitted to the same panel of judges that decided Moore's previous appeal. *See United States v. Wallace*, Order (7th Cir. May 25, 2016) (Appeal No. 15-3796). After examining the briefs and the record, we have unanimously concluded that oral argument is unnecessary to the resolution of the instant appeal. The appeal is therefore submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

to Federal Rule of Criminal Procedure 41(g), the return of certain property seized during the investigation that led to his federal narcotics conviction. Wallace's motion sought the return of some 32 items in total, but at this juncture we are concerned only with four televisions and a washer and dryer that were taken from his home. The United States (the "government) contends that those items were seized not by federal agents but rather by the Springfield, Illinois police department (which cooperated in the investigation) and were later ordered forfeited by the Sangamon County State's Attorney. Wallace maintains that he was never given proper notice of the forfeiture. But in the government's view, even if that is so, it has no responsibility to Wallace as to these particular items because it never possessed them. In the previous appeal, we remanded the case with directions to the district court to receive evidence on this point and resolve any factual disputes as to the status of the seized property before determining what remedies, if any, might be available to Wallace. *United States v. Wallace*, Order at 3–4 (7th Cir. May 25, 2016) (No. 15-3796).

On remand, the government submitted documentation in support of its representation that the property in question was never in its actual or constructive possession. The documents included a Springfield police report indicating the four televisions, washer, and dryer had been "seized for asset forfeiture" and "booked into the Springfield Police Department evidence cage." R. 188 at 10. The same report indicated by contrast that other items, including currency, cannabis, and crack cocaine, had been photographed and released to a DEA task force officer. R. 188 at 10. A separate report prepared by that DEA task force officer confirmed that the televisions and washer and dryer "were recovered and seized" by a Springfield police officer, who "processed [those] items into SPD evidence according to SPD evidence policy." R. 188 at 14. Also submitted were six evidence tags from the Springfield Police Department corresponding to the televisions, washer, and dryer. R. 188 at 11–12.

Confronted with this evidence, the district court found as a matter of fact that the government had never possessed the televisions, washer, and dryer. As a result, the court concluded that the government was not the proper party from which to seek relief. R. 189 at 7–8. Wallace might have a remedy in state law, the court allowed, but "[i]n any event, the record establishes that the United States is not now—nor has it ever been—in possession of the property that the Defendant seeks. Accordingly, the Defendant has no remedy against the Government." R. 189 at 8. The court subsequently denied Wallace's motion to reconsider its determination, reiterating that "[a]ny remedy the Defendant may have is not with the federal Government." Oct. 11, 2016 Text Order.

Wallace on appeal contends that, contrary to the district court's finding, the evidence supports the notion that the government did have actual or constructive possession of the

six items in question. He posits that even if the local police ultimately took possession of the items and forfeited them, the federal government's temporary possession of the property at some point in the investigation or subsequent proceedings is enough to hold the government for its (allegedly) improper forfeiture.

But we find no clear error in the district court's finding that the government never had possession of the items. The evidence submitted by the government affirmatively indicates that local rather than federal authorities took custody of the four televisions and the washer and dryer and kept them in local custody until such time as they were ordered forfeited. Wallace points out that these items were mentioned at trial, and that photographs of the televisions were placed into evidence. *See* Wallace Brief Appendix Exhibit 6. As a result, the televisions, at least, were in evidence and at least constructively in the government's possession. But the evidence he cites indicates only that photographs of the televisions were admitted into evidence and not the televisions themselves. So he finds no support there. Wallace also points to testimony of a DEA task force officer concerning the search of his home indicating that a DEA task force officer gathered evidence for use in the prosecution. Wallace Brief Appendix Exhibit 7. But nothing in the cited testimony indicates that the task force officer ever took possession of the particular items at issue here. Wallace's best piece of evidence on that score is a DEA Form 12 completed by the task force officer which lists the four televisions, the washer, and the dryer. Wallace Brief Appendix Exhibit 5. That is at least consistent with the notion that the DEA may have taken possession of the items, we agree, but it is also consistent with the possibility that the DEA task force officer was merely recording the fact that these items were seized in the search of Wallace's home without indicating by whom they were seized. The government's evidence, by contrast, indicates affirmatively that it was the Springfield police department, and it alone, that seized and kept these items. The district court's finding to that effect was amply supported by the evidence. *See, e.g., Estrada-Martinez v. Lynch*, 809 F.3d 886, 895 (7th Cir. 2015) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (quoting *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 574, 105 S. Ct. 1504, 1511 (1985)), *cert. denied*, 137 S. Ct. 39 (2016). No further inquiry was necessary.

Given the district court's finding that the federal government never had possession of the items in question, we agree with its conclusion that there is no remedy that Wallace may pursue against the government. The district court properly denied Wallace's Rule 41(g) motion.

AFFIRMED